UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

Aubrey Palmer,

Petitioner,

vs. REPORT AND RECOMMENDATION

Constance Reese, Warden,

Respondent. Civ. No. 01-970 (DSD/RLE)

* * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 26th day of February, 2002.

## I. Introduction

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(B), upon a Petition for a Writ of Habeas Corpus. See, Title 28 U.S.C. §2241. The Petitioner has appeared pro se, and the Respondent has appeared by Rachel K. Paulose, Assistant United States Attorney.

For reasons which follow, we recommend that the Petition for Habeas Corpus be denied, as moot.

## II. Factual and Procedural History

At the time that he filed his Petition for Writ of Habeas Corpus, the Petitioner was confined at the Federal Medical Center in Rochester, Minnesota ("FMC-Rochester"). See, Petition for Writ

(13)

FILED FEB 26 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD ______
DEPUTY CLERK mb

<u>of Habeas Corpus</u>, at 2 ("Petition"). The Petitioner was first committed to the custody of the Attorney General, and the Bureau of Prisons ("BOP"), pursuant to Title 18 U.S.C. §4243, on September 21, 1992, by the United States District Court, District of Oregon, because the Court previously found the Petitioner not guilty, by reason of insanity, of the offense of attempted extortion, in violation of Title 18 U.S.C. §1951(a). See, <u>Attachment B to Government's Response to Petition for Writ of Habeas Corpus</u>, at B-2 to B-8.

Thereafter, on March 19, 1993, the Petitioner received a conditional release. The Court revoked the Petitioner's release on February 18, 1994, though, as it concluded that he was a substantial risk to society due to the fact that he failed to comply with his prescribed treatment. <u>Id.</u> at B-8 to B-9. The Petitioner received another conditional release on May 1, 1996, although the Court, once again, revoked the conditional release on March 17, 1999, after the Petitioner failed to take psychotropic medications as ordered, and adjusted, by his physician. <u>Id.</u> at A-1; B-16 to B-17.

During the course of the Petitioner's most recent incarceration at FMC-Rochester, the committing Court has received the required periodic reports on the Petitioner's mental health, pursuant to Title 18 U.S.C. §4247(e)(1)(B). <u>Id.</u> at C-1 to C-6. Specifi-

cally, on April 21, 2000, the Respondent informed the District Court that the Petitioner would create a significant risk of harm to others, if he were awarded a conditional release, due to his mental illness and, consequently, the Respondent recommended continued inpatient care at FMC-Rochester until circumstances warranted a conditional release. Id. at C-4 to C-5. Almost a year later, on March 12, 2001, the Petitioner's Annual Risk Assessment reported he would be an appropriate candidate for conditional release. Id. at C-1 to C-3. As the Respondent's explain, though, the Petitioner could not be immediately released:

> The most recent Risk Assessment completed on petitioner in March 2001 reveals he would be an appropriate candidate for a conditional release. To accomplish this, I have been communicating closely with the Probation Office in Portland, Oregon. It is essential for our offices to secure a structured residential placement for petitioner to meet the requirements set forth by the risk assessment panel, and ultimately to obtain court approval of the conditions for release. Due to lack of bed space at normally utilized placement sites, such residential placement has not been finalized. Alternative placements, to include half-way house locations, are being evaluated, in order to expedite the conditional release. It is anticipated placement for the petitioner will be secured within the next several weeks.

Decl. of Kenneth Stewart, at ¶4, Attachment D to Government's Response to Petition for Writ of Habeas Corpus.

Nonetheless, on June 1, 2001, the Petitioner filed his present Motion for Writ of Habeas Corpus, raising the following three issues:

> 1. The Petitioner's conditional release was unconstitutionally revoked because the BOP alleged that he refused a change in medication, but no new prescription was ever made, and he faithfully followed the medicine regimen that had been ordered;
>
> 2. The BOP violated the purpose of the Petitioner's confinement because they have used the incarceration as a means to punish; and
>
> 3. The BOP staff failed to abide by Title 18 U.S.C. §4247, and they cannot justify further incarceration.

Petition for Writ of Habeas Corpus, at 3-4.

The Government responded to the Petition on August 17, 2001, advisng us, in part, that it would be filing a Motion to Conditionally Release the Petitioner, in accordance with the findings made during the Petitioner's March 12, 2001, Annual Risk Assessment.

Thereafter, the Petitioner was conditionally released on Octoer 29, 2001. See, Government's Motion to Dismiss Petition for Writ of Habeas Corpus, at ¶2. He first resided in a halfway house, in Portland, Oregon, but is now residing in his own housing in the same city. Id. at ¶3.

## III. Discussion

A. Standard of Review. The judicial power of the Federal Courts is restricted, by Article III of the United States Constitu-

tion, to "cases and controversies." As a result, Federal Courts lack jurisdiction over cases in which, "due to the passage of time or a change in circumstance, the issues presented * * * will no longer be 'live' or the parties will no longer have a legally cognizable interest in the outcome of the litigation." Van Bergen v. Minnesota, 59 F.3d 1541, 1546 (8th Cir. 1995), quoting Arkansas AFL-CIO v. F.C.C., 11 F.3d 1430, 1435 (8th Cir. 1993)[en banc]. Thus, as the Supreme Court has frequently explained, if events before or after the initiation of a lawsuit have resolved the issues, then a Federal Court decision will not have any effect, thus rendering any decision an impermissible advisory opinion. See, e.g., Princeton Univ. v. Schmid, 455 U.S. 100, 103 (1982).

As a general rule, therefore, when a Petitioner for Habeas relief protests the conditions of his confinement, his claim becomes mooted when those conditions no longer exist. See, Hernandez v. Garrison, 916 F.2d 291, 293 (5th Cir. 1990); Thompson v. Smith, 719 F.2d 938, 940-41 (8th Cir. 1983)(Habeas claims mooted due to the Petitioner's transfer to another institution); Corgain v. Miller, 708 F.2d 1241, 1246 (7th Cir. 1983); Willis v. Ciccone, 506 F.2d 1011, 1019 (8th Cir. 1974). This rule similarly applies when a petitioner has been conditionally released, and is no longer in the custody of anyone over whom the District has jurisdiction. See, Copley v. Keohane, 150 F.3d 827 (8th Cir. 1998).

There are exceptions to the mootness doctrine, however. As potentially applicable here, cases which are "capable-of-repetition-yet-evading-review" are not subject to the doctrine. See, Spencer v. Kemna, 523 U.S. 1 (1998); Roe v. Wade, 410 U.S. 113, 125 (1973); Clark v. Brewer, 776 F.2d 226, 229 (8th Cir. 1985). This exception applies, however, "only in exceptional situations, where the following two circumstances [are] simultaneously present: (1) the challenged action [is] in its duration too short to be fully litigated prior to cessation or expiration, and (2) there [is] a reasonable expectation that the same complaining party [will] be subject to the same action again[.]" Hickman v. Missouri, 144 F.3d 1141, 1142 (8th Cir. 1998), citing Spencer v. Kemna, supra.

B. Legal Analysis. The Petitioner is no longer in the custody of the FMC-Rochester but, rather, he is now in the custody of the authorities in Oregon, over whom we have no jurisdiction. Thus, this case is quite similar, factually, to the situation in Copley v. Keohane, supra. In Copley, the petitioner, who was found incompetent to stand trial, was confined, after being civilly committed under Title 18 U.S.C. §4246, at a Federal Medical Center in Springfield, Missouri ("FMC-Springfield"). Id. at 828. Prior to our Court of Appeals' decision on the case, though, the petitioner was conditionally released to a care center in Louisiana, under the

supervision of the United States Probation Office for the Western District of Louisiana. Id. Thus, while the petitioner was only conditionally released, which could, consequently, be revoked at any time, he was not in the custody of anyone over whom our Court of Appeals had jurisdiction. Id. As a result, the Court ruled that "there is no entity that we can order to effect [the petitioner's] release should the writ issue," and the case was determined to be moot. Id. The Court further held that, even though the petitioner's release was conditional, his circumstances did not fall within the narrow exception to the mootness doctrine -- "capable-of-repetition-yet-evading-review" -- because the Petitioner could not demonstrate that there was a "reasonable likelihood" that his conditional release would be revoked, or that he would be returned to FMC-Springfield. Id.

The same is true here. The only Respondent named by the Petitioner is Constance Reese ("Reese"), who is the Warden of FMC-Rochester. However, the Petitioner is no longer in the custody of Reese, but rather, his custody is in the hands of the Probation Office in the District of Oregon. See, Government's Motion to Dismiss Petition for Writ of Habeas Corpus, at ¶¶3, 4. Thus, this Court no longer has jurisdiction over anyone responsible for the Petitioner's custody, and his Petition is resultantly moot.

Therefore, we recommend that the Petition for Writ of Habeas Corpus be denied, as moot.

THEREFORE, It is --

RECOMMENDED:

That the Petitioner's Petition for Writ of Habeas Corpus [Docket No. 1] be DENIED, as moot.

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than March 15, 2002,** a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no**

**later than March 15, 2002,** unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.